

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William W. Allen
County Attorney
Lavaca County
Hallettsville, Texas

Dear Sir:

Opinion No. O-3717
Re: May revenue from automobile
licenses to become due to
county for licenses in
March and April of 1942 be
included as "current funds"
for the year 1941.

We have your request for an opinion of this Department
as to whether revenue from automobile licenses to become due to
your county from the sale of said licenses in March and April
of 1942 may be included and termed as "current funds" for the
year 1941.

The expenditure of the funds received by the county from
the sale of licenses is governed specifically by the terms of
Article 6675a-10, Vernon's Annotated Civil Statutes, which pro-
vides in part:

"On Monday of each week each county tax col-
lector shall deposit in the county depository of his
county to the credit of the county road and bridge
fund an amount equal to one hundred (100%) percent
of net collections made hereunder during the preceding
week until the amount so deposited for the current
calendar year shall have reached a total sum of fifty
thousand ($50,000) dollars.

". . . None of the moneys so placed to the credit
of the road and bridge fund of the county shall be
used to pay the salary or compensation of any county

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

judge or county commissioner, but all said money
shall be used for the construction and maintenance
of lateral roads and such county under the supervi-
sion of the county engineer, if there be one, and if
there is no such engineer, then the county commissioners'
court shall have the authority to command the services
of the division engineer of the State Highway Depart-
ment for the purpose of supervising the construction
and surveying of lateral roads in their respective
counties. All funds allocated to the counties by the
provisions of this Act (Articles 6675a-1 to 6675a-14;
P. C. Article 807a) may be used by the counties in the
payment of obligations, if any, issued and incurred in
the construction or improvement of all roads, including
State highways of such counties and districts therein;
or the improvements of the roads comprising the county
road system."

There can be no transfer of these funds into some other
fund for the payment of the general expenses of the county.
This is the holding of this Department in our Opinion No. 0-937
and consistently followed in subsequent opinions of this adminis-
tration. The commissioners' court has only such powers as are
set forth and defined in the Constitution and statutes of this
State. They may not expend for one purpose, tax money raised
ostensibly for another purpose. See Carroll v. Williams, 202
S. W. 504; Ault v. Hill County, 116 S. W. 359; Texas Jur.,
Vol. 11, p. 609-10-11; Henderson v. Bock, 262 S. W. 94.

Apparently, your question is posed for the purpose of
securing additional funds to be expended by your commissioners'
court for the general expenses of the county during the year
1941. In our Opinion No. 0-2942, dated Dec. 11, 1940, we
held that the counties have no power to issue time warrants
and pledge the motor vehicle license fees in payment of said
warrants. We further held in that opinion that license fees
to be collected in the future cannot be considered as current
funds from which you pay the various county obligations. The
license fees must be expended in the manner set out in Article
6675a-10, Vernon's Revised Civil Statutes, and in no other
manner.

We are enclosing copies of our Opinions Nos. 2942 and
0-3171, upon this subject. In our opinion revenue license

fees collected during March and April of 1942 are not current funds within the meaning of Article 2368a, Vernon's Revised Civil Statutes, for the year 1941.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JULY 23, 1941

/s/ Grover Sellers

By

FIRST ASSISTANT
ATTORNEY GENERAL

/s/ Morris Hodges
Assistant

MH:N

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN